083513.0971(207)                              RMC:lab

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **SPECIALTY RISK OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 22-cv-191-SEB-MJD |
| | ) |
| **THE MUCKY DUCK PUB, LLC, an Indiana Limited Liability Corporation, doing business as MUCKY DUCK PUB, CHRISTIAN L. BROWN, JENNY BROWN, as Parent and Next Friend of T.B, a Minor, TRAVIS L. BREWER, JYLANA A. SISTRUNK and JAQUARIA R. SISTRUNK,** | ) |
| | ) |
| **Defendants.** | ) |

### AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INTERPLEADER AND OTHER RELIEF

Now comes the Plaintiff, Specialty Risk of America, by and through its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Amended Complaint for Declaratory Judgment, Interpleader and Other Relief against the Defendants, The Mucky Duck Pub, LLC, and Indiana Limited Liability Corporation, doing business as Mucky Duck Pub, Christian L. Brown, Jenny Brown, as Parent and Next Friend of T.B., a Minor, Travis L. Brewer, Jylana A. Sistrunk and Jaquaria R. Sistrunk, alleges the following:

## JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage as to the Commercial General Liability Insurance policy and to interplead (pursuant to Rule 22 of the Federal Rules of Civil Procedure) the $500,000 limit of liability of the Liquor Liability Insurance policy Specialty Risk of America issued to its Insured.

## VENUE

2. Venue is premised upon 28 U.S.C. §1391 as the Defendants are residents of this District.

## THE PARTIES

3. Specialty Risk of America ("SPRISKA") is an Illinois insurance corporation, which maintains its principal place of business in Springfield, Illinois, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Indiana and elsewhere.

4. The Mucky Duck Pub, LLC doing business as Mucky Duck Pub ("Mucky Duck" or "the Insured") is an Indiana Limited Liability Corporation, with its principal place of business in Indianapolis, Indiana, which operates a tavern or dram shop in Indianapolis, Indiana. Todd Johnson is the Member of Mucky Duck and he is a citizen of the State of Indiana and resides in or near Indianapolis, Indiana.

5. Christian L. Brown and Jenny Brown, as Parent and Next Friend of T.B, a Minor ("the underlying Plaintiffs") are the plaintiffs in a certain action brought against Mucky Duck in another Court, which action will be more fully described later herein, and who are nominal but interested parties to this declaratory judgment action. SPRISKA seeks no relief from the underlying Plaintiffs, who have been joined herein as party defendants solely in order to be bound by the judgment rendered in this cause. The underlying Plaintiffs are residents and citizens of the State of Indiana who reside in or near Center Point, Indiana and Indianapolis, Indiana, respectively.

6. Travis L. Brewer is an interested party to this proceeding who is a citizen of the State of Indiana and resides in or near Salem, Indiana.

7. Jylana A. Sistrunk is an interested party to this proceeding who is a citizen of the State of Indiana and resides in Indianapolis, Indiana.

8. Jaquaria R. Sistrunk is an interested party to this proceeding who is a citizen of the State of Indiana and resides in Indianapolis, Indiana. Brewer and the Sistrunks shall collectively be referred to as "the Underlying Claimants."

## THE SPRISKA POLICIES OF INSURANCE

9. SPRISKA issued its Commercial Package policy of insurance numbered 10-2020-110 to Mucky Duck as named insured. The policy provided for Commercial General Liability Insurance and Liquor Liability Insurance for the effective period of January 28, 2021 to January 28, 2022. The Commercial General Liability coverage part ("CGL policy") of the Commercial Package policy has a limit of liability of $1,000,000 each occurrence,

3

and the Liquor Liability coverage part has a limit of liability of $500,000 each common cause. A true and correct copy of the aforesaid policies is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

### THE UNDERLYING LITIGATION AND CLAIMS

10. The underlying Plaintiffs filed an action against Mucky Duck in Marion County (Indiana) Superior Court No. 3, under Cause No. 49D03-2103-CT-008960. A true and correct copy of the Complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

11. The underlying Plaintiffs seek damages from Mucky Duck for injuries and damages allegedly sustained by them as a result of a motor vehicle accident on February 7, 2021, involving a motor vehicle operated by Christian L. Brown, in which T.B. was a passenger, traveling southbound on Interstate 65 in Indianapolis, Indiana, which was struck by a motor vehicle operated northbound in the southbound lanes of Interstate 65 by Christopher Kattman ("Kattman"), who was allegedly intoxicated, said intoxication was allegedly as a result of drinking alcoholic beverages at a tavern or bar known as Mucky Duck Pub in Indianapolis, Indiana, all of which more fully appears in Pleading Exhibit B attached hereto.

12. The underlying Claimants and each of them have made claims against Mucky Duck or to its insurer, SPRISKA, for injuries and damages each sustained in the aforesaid accident on Interstate 65 when their vehicles were either struck head on by Kattman's vehicle or caused to be struck by another vehicle involved in that accident.

13. At 4425 Southport Crossing Way in Indianapolis, Indiana, Mucky Duck, a tavern or dram shop owned by the Insured, was operated and did business, all of which more fully appears in Pleading Exhibit B attached hereto.

14. Mucky Duck has been sued by the underlying Plaintiffs for liability, as the owner and operator of the tavern or dram shop at which Kattman allegedly became intoxicated, under common law negligence and the Indiana Dram Shop Act, Ind. Code 7.1-5-10-15.5, and for punitive damages, for causing the intoxication of Kattman, all of which more fully appears in Pleading Exhibit B attached hereto.

15. SPRISKA has agreed to provide Mucky Duck with a defense under its CGL policy subject to reservation for the reasons herein stated, and has agreed to provide Mucky Duck with a defense under its Liquor Liability coverage part.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

16. SPRISKA adopts and repeats the allegations of ¶¶ 1 through 15 as and for ¶ 16 hereof as though the same were fully set forth herein.

17. While the SPRISKA CGL policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury" as defined, that policy excludes coverage for "bodily injury" or "property damage" for which Mucky Duck may be liable by reason of liquor liability if, as here, the Insured is in the business of selling or serving alcoholic beverages. The liquor liability exclusion to the SPRISKA CGL policy, Exclusion No. 6, specifically provides as follows:

5

> **We** do not pay for **bodily** injury, **property** damage, **personal** injury, or **advertising injury** for which any **insured** may be held liable by reason of:
>
> a.   causing or contributing to the intoxication of a person;
>
> b.   the furnishing of alcoholic beverages to person under the influence of alcohol or under the legal drinking age; or
>
> c.   a law or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies if **you** are in the business of manufacturing, distributing, selling, or serving alcoholic beverages.
>
> In addition, the SPRISKA CGL policy specifically excludes punitive damages in an endorsement which provides as follows "[W]e do not pay for punitive, exemplary, or vindictive 'damages.'"

18.   The claims made against Mucky Duck are brought for common law negligence for causing the intoxication of Kattman, and are brought under the Indiana Dram Shop Act, a statute relating to the sale, gift, distribution or use of alcoholic beverages, and for punitive damages for causing or contributing to the intoxication of Kattman in a willful and wanton manner or in violation of the Indiana Dram Shop Act or both, and each count of the three count Complaint involves causing the intoxication of Kattman at the tavern or dram shop owned and operated by the Insured. SPRISKA contends that the business qualification to the liquor liability exclusion applies and the claims of the underlying Plaintiffs for damages for causing the intoxication of Kattman, and each of them, are within the scope of the liquor liability exclusion found in the CGL policy.

19.   The above contentions of SPRISKA are, on information and belief, denied by the Defendants who, in turn, contend that SPRISKA has a duty to defend Mucky Duck

in connection with the action filed by the underlying Plaintiffs. SPRISKA, in turn, denies the contrary contentions of Mucky Duck and the other Defendants and each of them.

20. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of and provisions of 28 U.S.C. ¶¶ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the CGL policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (INTERPLEAD THE LIQUOR LIABILITY POLICY LIMIT OF LIABILITY)

21. SPRISKA adopts and repeats the allegations of PPs 1 through 20 as and for the allegations of Par. 21 as though the same were fully set forth herein.

22. The limit of liability under the Liquor Liability policy SPRISKA issued to Mucky Duck is $500,000 each common cause. The Liquor Liability policy in its Limits of Insurance provision states, as follows (Ex. A at 103-04):

> **D. Limits Of Insurance**
>
> **1.** The Limits Of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:
>
> **a.** Insureds;
>
> **b.** Claims made or "suits" brought; or
>
> **c.** Persons or organizations making claims or bringing "suits".

    **2.** The most we will pay for all damages resulting from "bodily injury", injury to means of support, loss of society and "property damage" sustained by one or more persons from any "common cause" is the Limits Of Insurance stated in the Declarations at the time of "injury" for Each Common Cause.

In addition, the Liquor Liability policy defines the term "common cause" as "injury' sustained by one or more persons or organizations as the result of the furnishing of any alcoholic beverages to any one or more persons." (Ex. A at page 110).

  23. SPRISKA is unable to determine to whom the $500,000 belongs by way of settlement or judgment or award, and SPRISKA seeks to avoid an illegal or other preference of creditors, other than no one claimant, neither Christian Brown, T.B., or the Underlying Claimants, Travis L. Brewer, Jylana S. Sistrunk and Jaquaria R. Sistrunk, is entitled to more than $500,000, and all are not entitled to more than $500,000, and SPRISKA does not know to whom or how a distribution may be made.

  24. SPRISKA is ready, willing, and able to deposit $500,000 into the Registry of this Court, with directions by this Court to its Clerk to deposit the fund in an interest-bearing account for the benefit of each of the claimants to the fund.

  25. SPRISKA does not in any way collude with its Insured, Mucky Duck, or any Underlying Plaintiff or Underlying Claimant touching upon the matters in question in this action, and SPRISKA has not asked and does not ask any relief herein at the request of any party hereto but rather solely of its own free will and volition, and pursuant to Rule 22 of the Federal Rules of Civil Procedure.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Specialty Risk of America, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Specialty Risk of America has no duty or obligation to provide a defense and indemnity to The Mucky Ducky Pub, LLC d/b/a Mucky Duck Pub for the action filed in the Marion County Superior Court 3 in Marion County, Indiana, under Cause No. 49D03-2103-CT-008960, under its CGL policy of insurance numbered 10-2020-110.

B. That the Court grant Specialty Risk of America such other and further relief as the Court deems fit and just under the circumstances.

C. That Specialty Risk of America be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A. That the Court require the claimants and each of them to answer this Complaint and litigate their claims between themselves for all or part of the fund.

B. That the Court require the claimants and each of them to settle and adjust between themselves, or upon their failure to do so, that this

|   |   |
|---|---|
|   | Court settle and adjust the claims and determine to whom all of part of the fund shall be paid. |
| C. | That the Plaintiff Specialty Risk of America be allowed to pay the limit of liability of its Liquor Liability policy numbered 10-2020-110 into the Registry of this Court in a form deemed suitable and proper in exchange for a full release for Specialty Risk of America from Christian L. Brown, Jenny Brown as Parent and Next Friend of T.B., a Minor, Travis L. Brewer, Jylana A. Sistrunk and Jacquaria R. Sistrunk and each of them. |
| D. | That the Plaintiff Specialty Risk of America thereupon may be discharged from any and all claims of the Defendants, or any or each of them, by reason of the limit of liability of the aforesaid Liquor Liability insurance policy, and that the Defendants and each of them, and their attorneys and agents, be forever enjoined and restrained from commencing or prosecuting any action or proceeding in any court or forum against Specialty Risk of America upon their claims or for the recovery of the proceeds or any part thereof. |
| E. | That the Defendants and each of them interplead each with the other to determine their respective rights to the proceeds and that it be adjudicated and adjudged to whom the fund belongs, and any and all liens resolved and satisfied. |

F.      That Specialty Risk of America be awarded its attorneys' fees and costs in their entirety.

G.      That the Court award Specialty Risk of America such other and further relief as it deems just, reasonable, equitable, necessary and proper.

                                Respectfully submitted:

                                */s/ Robert Marc Chemers*
                                Robert Marc Chemers
                                PRETZEL & STOUFFER, CHARTERED
                                One South Wacker Drive, Suite 2500
                                Chicago, Illinois 60606
                                Telephone:   (312) 578-7548
                                Fax:           (312) 346-8242
                                E-Mail: rchemers@pretzelstouffer.com